IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GILBERT L. WEST,

        Plaintiff,                           11cv0464

                                              **ELECTRONICALLY**
     v.                                     **FILED**

THE PRUDENTIAL INSURANCE
COMPANY,

        Defendant.

## MEMORANDUM OPINION

This lawsuit initiated by *pro se* Plaintiff, Gilbert L. West, alleged that Defendant, The Prudential Insurance Company, violated The Americans With Disabilities Act Amendments Act of 2008 ("ADAAA"), the Pennsylvania Human Relations Act ("PHRA"), and other state based statutes, when Defendant refused to hire Plaintiff for a job. See doc. no. 1. Plaintiff timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") claiming there, as here, that he was a qualified individual with a disability as defined by the ADAAA.

Plaintiff received his right to sue letter and he filed his Complaint with this Court within the proscribed time frame. Defendant has filed a Motion to Dismiss the Complaint claiming Plaintiff failed to raise a justiciable claim. Doc. no. 10. Plaintiff filed a Response to the Motion (doc. no. 12) and Defendant filed a Reply Brief after seeking and obtaining Court permission to do so. Doc. no. 18. The matter is now ripe for adjudication.

# I. Factual Background[1]

In his Complaint, Plaintiff indicates that on December 10, 2009 he responded to an online job offer posted by Defendant. Doc. No. 1, ¶ 12. A few days after he completed the application, he was contacted by Defendant and an initial interview was scheduled. Id. at ¶ 14.

During his initial interview, Plaintiff met with an agent of Defendant and completed a test which the interviewer administered. Id. at ¶¶ 15-16. The next day Plaintiff was contacted by Defendant and was asked to return for another interview. Id. at ¶ 17.

Plaintiff then met with a different agent of Defendant who discussed some additional insurance industry examinations. Id. at ¶18. During this meeting, Plaintiff was asked to compile a list of two hundred prospective clients; and from the list of two hundred, he was to designate fifty who were likely to do business with Plaintiff "sooner rather than later;" and from the list of fifty, he was to designate twenty who were ready to "buy now." Id. at ¶¶ 19-22. After Plaintiff timely completed this assignment, he was called by Defendant for a third interview. Id. at ¶¶ 23-25. During this interview, Defendant described the benefits available and asked Plaintiff about his felony conviction which Plaintiff had described in his application. Id. at ¶¶ 26-27.

Defendant's agent admitted Defendant's investigators could not find any evidence of Plaintiff's criminal conviction, so Plaintiff presented copies of various documents pertaining to his criminal history and rehabilitation. Id. at ¶¶ 27-30. Plaintiff was informed that Defendant would need time to review the new information. Id. at 31. Plaintiff contacted Defendant by telephone to inquire as to a start date, and in response received a letter from Defendant

---

[1] Solely for purposes of deciding this Motion to Dismiss, all factual averments set forth in Plaintiff's Complaint and reiterated here are assumed to be true.

indicating that Defendant "decided not to hire" Plaintiff for a position based on information received as part of the "Pre-Hire process". Id. at ¶ 36.

Plaintiff filed this lawsuit primarily alleging that Defendant violated the ADAAA for failing to hire him due to his felony conviction. Id. at ¶¶ 37-38 and Count I, generally. Plaintiff also alleged that the actions taken by Defendant violated the PHRA.[2] See Count II, generally.

## II. STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the …claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly*, 550 U.S. 54 and *Aschroft v. Iqbal*, 129 S.Ct. 1937, 1947 (2009), the United States Court of Appeals for the Third Circuit, recently explained that a District Court must take three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1947 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth.' *Id*. at 1950. Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' *Id*. This

---

[2] Defendant noted in its Brief in Support of its Motion to Dismiss (doc. no. 11) as well as in its Reply Brief (doc. no. 18) that at various times Plaintiff relied upon New York law. However, this Court finds that the only claims raised by Plaintiff in his Complaint assert violations of the ADAAA and the PHRA. Accordingly, to the extent required, this Court analyzed the PHRA claim based on Pennsylvania law. Although Plaintiff's Complaint references New York statutory laws governing "unlawful employment practices on the basis of prior convictions" (see ¶¶ 1 and 48 of doc. no. 1), Plaintiff's Complaint does not assert a cause of action based on a violation of any New York statutory law.

means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, No. 10-3539, 2011 F.3d WL 2044166, at *6 (3d Cir. May 26, 2011).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claim(s) presented and to determine whether the facts pled to substantiate the claim(s) are sufficient to show a "plausible claim for relief." "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.*; *See also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11.

The Court may not dismiss a Complaint (or Counterclaim) merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 556, 563 n.8. Instead, the Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint (or Counterclaim) that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler,* 578 F.3d at 212; *See also Guirguis v. Movers Specialty Services, Inc.*, 346 Fed.Appx. 774, 776 (3d Cir. 2009). In short, the Motion to Dismiss should not be granted if a party alleges facts which could, if established at trial, entitle him to relief. *Fowler*, 578 F.3d at 563 n.8.

### III. Discussion

The stated purpose of the ADAAA is as follows:

> Purpose
>
> It is the purpose of this chapter—
>
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C.A. § 12101 (b).[3]

Defendant's primary argument, (with which this Court agrees), is that Plaintiff's lawsuit alleging Defendant violated the ADAAA and/or the PHRA when it opted not hire Plaintiff must be dismissed because Plaintiff does not meet the definition of "disabled" as required by those Acts.

---

[3] The PHRA defines disability with respect to a person, as:

> (1) a physical or mental impairment which substantially limits one or more of such person's major life activities;
> (2) a record of having such an impairment; or
> (3) being regarded as having such an impairment, but such term does not include current, illegal use of or addiction to a controlled substance, as defined in section 102 of the Controlled Substances Act (Public Law 91-513, 21 U.S.C. § 802).

42 P.S. § 954(p.1).

Under the ADAAA, a person meets the definition of having a "disability" if that individual has:

> (A) a physical or mental impairment that substantially limits one or more major life activities of such individual;

> (B) a record of such an impairment; or

> (C) being regarded as having such an impairment (as described in paragraph (3)).

42 U.S.C.A. § 12102.

Here, as Defendant notes in its Brief in Support of its Motion for Summary Judgment, Plaintiff's Complaint does not allege that Plaintiff has either a mental or physical impairment. See Defendant's Brief at pp 5-6. Without possessing either a physical or mental impairment, Plaintiff cannot meet the threshold definition of "disability" as defined by the ADAAA and the PHRA, and thus, Plaintiff cannot avail himself of the protections of these Acts.

In his Response to Defendant's Motion and Brief in Support, Plaintiff cites statutory law which governs when a person may engage "in the business of insurance" following a felony conviction. See Plaintiff's Brief in Opposition, pp. 5-9. Plaintiff's Complaint suggests he was not hired because of his felony conviction and not because he has a disability. See Doc. No. 1, ¶¶ 13, 27-37. Thus, the Plaintiff has clearly articulated that he believes that his felony conviction cost him the potential job opportunity with Defendant, which cannot form the basis of a claim under the ADAAA. [4]

_____

[4] In light of the statements made by Plaintiff in his Complaint and in his Brief in Opposition to the Motion to Dismiss, this Court finds that any amendment would be futile, and thus Defendant's Motion to Dismiss will be granted with prejudice. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997) (". . . a district court may exercise its discretion and deny leave to amend on the basis of . . . futility.").

**IV. Conclusion**

This Court finds that Plaintiff has not pled a valid cause of action under either the

ADAAA or the PHRA. Based on the foregoing law and authority, this Court will **GRANT**

Defendant's Motion to Dismiss with prejudice.


<u>s/ Arthur J. Schwab</u>
Arthur J. Schwab
United States District Judge



cc:     Gilbert L. West, *pro se*
        3009 Boyd Street
        McKeesport, PA 15132

        And all Registered ECF Counsel and Parties